**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

DUINNINCK BROTHERS, INC. and §
AMERICAN CONTRACTORS §
INSURANCE COMPANY RISK §
RETENTION GROUP, INC., §
          Plaintiffs, §
           §
v. §          Case No. 4:06-cv-441
           §
HOWE PRECAST, INC. and §
EMPLOYERS MUTUAL §
CASUALTY COMPANY, §
          Defendants. §

**ORDER DENYING PLAINTIFF'S REMAINING MOTIONS TO COMPEL**

_____Before the court are the "Plaintiffs' Motion to Compel Defendant Howe Precast, Inc. D/B/A

Howe Precast to Respond to Plaintiffs' Request for Production" (de # 74) and a Response (de # 81)

and Reply (de # 82) thereto and the "Plaintiffs' Motion to Compel Employers Mutual Casualty

Company to Respond to Plaintiffs' Request for Production" (de # 75) and a Response (de # 79)

thereto.  Having considered both Motions, the court is of the opinion that each Motion should be

DENIED.

On January 27, 2008, the Plaintiffs propounded separate discovery requests on each

Defendant.  Within those discovery requests were six identical Requests for Production asking each

Defendant to produce documents related to Howe Precast's application for insurance coverage from

Employers Mutual Casualty Company.  Howe Precast responded by asserting various boilerplate

objections to the requests and added to each response that it "does not have any materials or

documents responsive to [each] request."  (Dkt. 74, Ex. B.)  In its responses, Employers Mutual

asserted similar boilerplate responses to the requests and added to each response that "all responsive

documents have been produced."  (Dkt. 75, Ex. B.)

The Plaintiffs would have the court order the production of the documents responsive to each of the six requests at issue.  The Defendants' responses assert that any responsive documents are either not in their "possession," nor presumably in their "custody or control," FED. R. CIV. P. 34(a)(1), or have already been produced.  As officers of the court, the attorneys for both Defendants are well aware of their duties in this litigation.  While it strikes the court as peculiar that Howe Precast would not have maintained a record of the files generated in the process of obtaining insurance,[1] the court has no reason to doubt the veracity of the assertions made in their responses to both the discovery requests and the motions at issue. The court also notes that, should new information come to light, the Defendants are under a continuing duty of supplementation.  FED. R. CIV. P. 26(e).

The court does note, however, the inconsistency between the Defendants' objections and their contentions that they either do not have the documents or that they have been produced already.  If such is the case, the requests for production can hardly be said to be overbroad, unduly burdensome, or harassing.  Accordingly, these objections are hereby overruled.

Rule 37(a)(5)(B) provides that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including

---

[1]In their Reply, the Plaintiffs state that some documents have been produced on behalf of Howe Precast by its agent, Milne Scaly and Company.  (Pls.' Reply ¶ 7.)  Howe Precast's duty of disclosure under the Federal Rules extends to those documents that are in possession of its agents.  *See* Fed. R. Civ. P. 34(a)(1); *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3rd Cir. 2004).  Therefore, any responsive documents in Milne Scaly's possession must be produced either by Howe Precast or on its behalf.

attorney's fees," so long as the motion was not "substantially justified" or other equities do not exist that would make an award of attorney's fees unjust.  The court is unable to imagine a course of action the Plaintiffs would have had the court take in response to Employers Mutual's claimed exhaustive production and Howe Precast's claim that it does not have responsive documents absent an allegation and some proof that either party has misrepresented its compliance.  Accordingly, the Plaintiffs motions were made without substantial justification.  By Monday, July 7, 2008 the Defendants shall submit affidavits to the court setting forth the time spent and fees generated by their responses to the motions at issue so that the court may award an appropriate fee under Rule 37(a)(5)(B).  The Plaintiffs shall have until July 17, 2008 to respond to the Defendants' affidavits.

Based on the foregoing, the court is of the opinion that the Plaintiffs' remaining motions to compel (de # 74 and 75) should be, and hereby are, DENIED.

IT IS SO ORDERED.

**SIGNED this the 26th day of June, 2008.**

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE