## 0IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **DUININCK BROTHERS, INC. AND** | § | |
| **AMERICAN CONTRACTORS** | § | |
| **INSURANCE COMPANY RISK** | § | |
| **RETENTION GROUP, INC.** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:06CV441** |
| | § | **JURY** |
| **HOWE PRECAST, INC. d/b/a** | § | |
| **HOWE PRECAST AND EMPLOYERS** | § | |
| **MUTUAL CASUALTY COMPANY** | § | |

## PLAINTIFFS' OBJECTIONS AND MOTION TO STRIKE
## CERTAIN TESTIMONY OF MARK STRADLEY

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiffs, Duininck Bros., Inc. and American Contractors Insurance Company Risk Retention Group, Inc., subject to Plaintiffs' Motion for Leave, and files their Objections and Motion to Strike Certain Testimony of Mark Stradley, and would show the Court as follows:

## I.
## INTRODUCTION

1.      Plaintiffs are Duininck Bros., Inc. ("Duininck Bros.") and American Contractors Insurance Company Risk Retention Group, Inc. ("American Contractors"). Defendants are Howe Precast, Inc. d/b/a Howe Precast ("Howe Precast") and its insurer, Employers Mutual Casualty Company ("Employers Mutual"). Plaintiffs sued Defendants seeking a declaratory judgment and also for claims of breach of contract, breach of indemnity agreement, and fraudulent inducement for costs incurred in defending and settling two separate, third-party lawsuits.

2.      Defendants designated Mark Stradley as a retained expert, to testify on, among other things, the reasonableness and necessity, or lack thereof, of the attorneys' fees and other legal fees and expenses incurred by Plaintiffs in connection with the underlying *Lowery* and *Barnett* lawsuits. *(See Howe Precast's Expert Disclosures and Stradley's expert report attached hereto collectively as "Exhibit A").*[1] After several months of scheduling conflicts, Mr. Stradley's deposition was taken on July 3, 2008.[2]  He testified (1) the hourly rates and the amount of time expended by the legal assistants/paralegals was excessive and (2) the attorneys' fees and expenses associated with the underlying litigation was excessive.  Stradley is not qualified to render these opinions.  Further, his testimony regarding these areas is wholly unreliable and should be excluded.

## II.
## ARGUMENT & AUTHORITIES

3.      "Expert witnesses can have an extremely prejudicial impact on the jury, in part because of the way in which the jury perceives a witness labeled as an expert... A witness who has been admitted by the trial court as an expert often appears inherently more credible to the jury than does a lay witness. Consequently, a jury more readily accepts the opinion of an expert witness as true simply because of his or her designation as an expert." *E.I. du Pont de Nemours & Co., Inc. v. Robinson,* 923 S.W.2d 549, 553 (Tex.1995).  Therefore, it is incumbent upon trial judges to ensure expert testimony show some indicia of reliability. *Id.*

---

[1] Only July 11, 2008, Defendant Employers Mutual served a supplemental expert disclosure, adding to the subject matter and general substance of Mr. Stradley's opinion.

[2] Plaintiffs' Amended Motion for Leave to File Objections to Certain Portions of Mark Stradley's Testimony was filed contemporaneously herewith.

4.     Federal Rule of Evidence 702 provides, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify ... in the form of an opinion or otherwise." Rule 702 also "imposes a special obligation upon a trial judge to ensure that any and all [expert] testimony . . . is not only relevant, but reliable." *Rodriguez v. Riddell Sports, Inc.*, 242 F.3d 567, 580-81 (5th Cir. 2001), (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156-57 (1999)); and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Therefore, as an initial matter, the trial judge must determine whether the proffered witness is qualified to give an expert opinion. *Kumho Tire*, 526 U.S. at 156-57. In other words, the Court must assess "whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in this case." *See Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (quoting *Kumho Tire*, 119 S.Ct. at 1178). The expert must have a higher degree of knowledge, skill, experience, training, or education about the subject of the testimony than an ordinary person. *See* FED. R. EVID. 104(a), 702; *Tanner*, 174 F.3d at 548. "Knowledge," within the meaning of the Rule requires more than subjective belief or unsupported speculation. *Wilson v. Petroleum Wholesale, Inc.*, 904 F.Supp. 1188 (D. Colo. 1995).

5.     If the trial judge determines the witness is qualified as an expert in the relevant field, the judge must then pre-screen the expert witness's proffered opinions to ensure his testimony is based upon sufficient facts or data, and the product of reliable principles and methods. *Daubert*, 509 U.S. at 589. An expert witness may be qualified and highly credible, but if his conclusions are based on unreliable methodology, they are nothing more than "subjective belief or unsupported speculation." *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999), *Daubert,* 509 U.S. at 590-93; *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331-32 (5th Cir. 1996). The proponent

of expert testimony bears the burden of showing the expert is qualified, and that the testimony is relevant and based on a reliable foundation. TEX. R. EVID. 104(a), 702; *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998, en banc).

6. Stradley's opinions regarding the reasonableness and necessity of the (1) hourly rates and the amount of time expended by the legal assistants and (2) the attorneys' fees and expenses associated with the underlying litigation are unreliable and should be excluded. First, Mr. Stradley is not qualified to render such opinions. Second, his opinions are not based on reliable methodology. Therefore, Plaintiffs request these portions of Stradley's testimony be stricken and he be precluded from offering testimony pertaining to these areas.

## A. STRADLEY'S OPINIONS REGARDING THE HOURS WORKED AND HOURLY RATES OF LEGAL ASSISTANTS OR PARALEGALS ARE NOT RELIABLE.

7. . The Court should strike Stradley's testimony regarding the excessive nature of the time expended and the hourly rates of the paralegals utilized during the underlying litigation because he is not qualified and such testimony is nothing more than his subjective beliefs. Without question, Stradley has no knowledge, experience or training to support this opinion. He readily admits he performed no independent research regarding paralegal rates. *(See relevant portions of Stradley Deposition at pgs. at 55-56 attached hereto as "Exhibit B")*. He has no experience or knowledge of the market rates for legal assistants or paralegals in Grayson County or Dallas/Fort Worth. *(Exhibit B at 99-100)*. In fact, Stradley is not even familiar with his own firm's legal assistant rates. *(Exhibit B at 55-56)*.

8. Further, his opinions are based on an unreliable methodology, namely his "gut instinct." Rather than utilizing a generally accepted standard or test in the industry, such as the

"lodestar" method, Stradley follows his own personal "rule of thumb" that legal assistant rates should not exceed half of the attorney's hourly rate. *(Exhibit B at pgs. 31-32, 42-43, 56-57, 59, 64-67, 89-97, and 99-104).* When questioned about the source of this so-called "rule of thumb", Mr. Stradley simply responds, "You know what? That's *my* rule of thumb. I can't tell you that that's the rule in the industry." *(Exhibit B at 57).*

     9.     Additionally, while Stradley opines the time spent by the legal assistant reviewing discovery in the underlying litigation was excessive, he has no idea how many documents were reviewed and cannot opine as to how many hours would have been reasonable. *(Exhibit B at 103).* There were at least 29 banker boxes of documents. *(Exhibit B at 22-23).* Stradley does not know how many of those boxes contained discovery. *(Exhibit B at 22-23).* Similarly, he testifies ten hours reviewing photographs is excessive, but has not reviewed the photographs[3] and does not know how many photographs were reviewed by the paralegal. *(Exhibit B at 103-104).*   Clearly, Stradley's opinion that the rates and time spent by the legal assistants were excessive is nothing more than his unsubstantiated personal assumptions. Stradley admits he has no knowledge, practical experience nor necessary academic training to support his opinions nor even pretends his opinion is based on reliable methods or research. In fact, Stradley has no more knowledge than an ordinary juror with respect to reasonable paralegal and/or legal assistant's market rates or hours worked. Yet, Defendants hold him out to be an expert.  Such unreliable opinions do not assist the trier of fact.  Accordingly, his testimony concerning these matters has no place in a court room and should be struck.

---

[3]There were more than a 1000 photographs. *(See relevant excerpts of Charles Mitchell attached hereto as "Exhibit C" at pg. 66).*

**B.    STRADLEY'S OPINIONS REGARDING THE EXCESSIVENESS OF ATTORNEYS FEES SHOULD BE STRICKEN**

10.    Stradley's opinion regarding the excessive nature of the attorneys' fees and expenses associated with the underlying litigation should be stricken as it is not based on sufficient facts or data. *See* Fed. R. Evid. 702; *Rudd v. General Motors Corp.*, 127 F.Supp.2d. 1330, 1339 (M.D. Ala. 2001). This requirement is quantitative and imposes a "floor" on the amount of facts or data an expert must have to support his opinion. *Id.*

11.    Stradley was designated to testify as to "the reasonableness and necessity, or lack thereof, of the attorney's fees and other legal fees and expenses incurred by Plaintiffs in connection with the underlying lawsuits." Accordingly, at a minimum, Stradley should have reviewed Plaintiffs' billing statements on the underlying cases. However, contrary to statements otherwise in his report, he did not. *(Exhibit B at pgs. 42-43).* Stradley generally opines "most of the work performed by [Plaintiffs'] counsel in the underlying claims was not necessary, and was excessive and sometimes duplicative." However, when asked to point out or identify the work that was unnecessary, excessive and duplicative, Stradley could not because he did not review Plaintiffs' counsel's billing entries. *(Exhibit B at pgs. 42-43).* Moreover, Stradley testified that overall, Plaintiffs' counsel, while acting competently and ethically, spent too much time on the file. Yet, he never reviewed the file documents used or created by Plaintiffs' counsel in performing their job. *(Exhibit B at 49).*

12.    Stradley's testimony on the reasonableness of Plaintiffs' attorneys' billing rates and fees are unreliable because they are based upon "gut instincts" and his personal "rules of thumb." *(Exhibit B at pgs. 31-32, 42-43, 56-57, 59, 64-67, 89-97, 99-104).* He acknowledged he had no knowledge of the market rates for attorneys in Dallas/Fort Worth and performed no research on the issue. *(Exhibit B at pgs. 31-32, 42-43, 56-57, 59, 64-67, 89-97, 99-104).* In fact, Stradley's opinion

that the attorneys' fees were excessive is based primarily on his "rule of thumb" that legal fees should not exceed the value of the case. *(Exhibit B at 92).*   However, Stradley performed no empirical analysis of this opinion, *(Exhibit at 95)* and "[i]t is not uncommon for an attorney's fee award to exceed the damages recovered." *Osborne v. Jauregui, Inc.,* 252 S.W.3d 70 (Tex. App.-Austin 2008) citing *Hoover Slovacek L.L.P. v. Walton,* 206 S.W.3d 557, 563 n. 8 (Tex.2006) (stating "it is not uncommon for courts to approve fee-shifting awards that exceed the damages recovered by the client"); *see, e.g., Hruska v. First State Bank of Deanville,* 747 S.W.2d 783, 785 (Tex.1988) (upholding $12,570 fee where the client recovered $2,920); *Sibley v. RMA Partners, L.P.,* 138 S.W.3d 455, 458-59 (Tex. App.-Beaumont 2004, no pet.) (upholding $82,748 fee where the client stood to recover approximately $43,000).   Thus, Stradley's "rule of thumb" and methodology is contrary to well established Texas law and generally acceptable methods for calculating reasonable attorney fees, namely the "lodestar" method outlined in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563-66 (1986).   Stradley never even mentions the lodestar method in his report nor his deposition in connection with the reasonableness of Plaintiffs' fees. Instead he relies solely upon his own subjective criteria, such as  "gut instincts" and "rule[s] of thumb." Unfortunately, neither Stradley's "gut instincts" or personal "rules of thumb" are capable of being nor have they been tested.

13.     Further, there is no basis for Stradley's opinion Plaintiffs "failed to properly monitor the underlying fees for reasonableness of attorney's fees apparently relying on the supposition of passing the cost to Defendants regardless of reasonableness and necessity," and therefore should be stricken *(See Howe Precast's Supplemental Expert Disclosure attached hereto as "Exhibit D").* This opinion is based solely on his subjective belief and unsupported speculation. When asked for the basis of this opinion, Stradley could offer no substantive data or facts, stating it was a "gut

reaction." *(Exhibit B at pgs. 59-60, 93-94).* Stradley even admits his "gut instinct" is *unreliable.* *(Exhibit B at 95).*

14.     Even if Stradley's opinions regarding the attorneys' fees were based upon a reliable foundation, which they are not, he is not qualified to render such opinions. According to his sworn testimony, Stradley has never (1) taken a class on billing methods and procedures, (2) taken a CLE on billing methods and procedures, or (3) performed any independent academic study on fee billing and hourly rates. *(Exhibit B at pgs. at 7, 12-13, 24, and 55-56).* "[M]ost of my opinion was based upon how I would have handled this case had I been defense counsel." *(Exhibit B at 50).* However, Stradley's personal way of handling cases, his billing rate, gut instincts, and rules of thumb do not necessarily qualify him to testify on the area of attorneys' fees and certainly are not reliable methodology. As such, his testimony does not assist the jury and must be struck.

15.     As demonstrated above, none of Stradley's testimony relating the reasonableness or necessity of paralegal and attorney rates or hours expended by the same are reliable. Stradley's assumptions, instincts and personal feelings do not lend themselves to testing. The inability to test Stradley's methodology prevents the parties from either substantiating or exposing substantive flaws. Defendants seek to pass Stradley's "gut instincts" off as evidence. However, such evidence is not reliable and does not assist the jury. Therefore, the portions of Stradley's testimony described herein is unreliable and should be stricken.

**WHEREFORE,** Plaintiffs request this Court strike the certain portions of Mark Stradley's testimony, specifically testimony concerning the reasonableness and necessity of the legal assistants' or paralegals' hourly rates and the amount of time expended by them, the excessiveness of the attorneys' fees, and any testimony concerning Plaintiffs' motives for incurring such fees should be stricken.

Respectfully submitted,

COKINOS, BOSIEN & YOUNG

/s Tracy B. Glenn
**MARC A. YOUNG**
Bar No. 22201500
**TRACY B. GLENN**
Bar No. 24000063
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500
Fax: (713) 535-5533

BROWN, DEAN, WISEMAN, PROCTOR,
HART & HOWELL ,L.L.P.

s/ Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
State Bar No. 14207000
Federal ID No. 16627
**ROBERT K. PIWETZ**
State Bar No. 24041700
200 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4905
Telephone: 817.332.1391
Facsimile: 817.870.2427
Cmitchell@browndean.com
Rpiwetz@browndean.com

**ATTORNEYS FOR PLAINTIFFS
DUININCK BROS., INC. AND AMERICAN
CONTRACTORS INSURANCE COMPANY
RISK RETENTION GROUP, INC.**

## CERTIFICATE OF CONFERENCE

I certify that on July 17, 2008 I conferred with **Micheal v. Winchester**, counsel Defendant Employers Mutual, and **Randy Montgomery,** counsel for Defendant Howe Precast, in a good-faith effort to resolve the issues presented in this Motion without court action, as required by the Court, but was unable to resolve the dispute.

s/ Tracy B. Glenn
**TRACY B. GLENN**

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2008, I electronically filed the foregoing document with the Clerk of the Court for the U. S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a ("Notice of Electronic Filing") to the following attorneys of record who have consented in writing to accept this Notice of Service of this pleading  as service of this document by electronic means:

Randall Montgomery
D. Randall Montgomery & Associates,
P.L.L.C.
12400 Coit Road, Suite 560
Dallas, Texas 75251

Aaron L. Mitchell
Stephen A. Melendi
Tolefson, Bradley, Ball & Mitchell, L.L.P.
2811 McKinney, Suite 250
Dallas, Texas 75204

Michael V. Winchester
Michael V. Winchester & Associates, P.C.,
5601 Granite Parkway, Suite 410
Plano, Texas 75024

/s Tracy B. Glenn
**MARC A. YOUNG**
Bar No. 22201500
**TRACY B. GLENN**
Bar No. 24000063
COKINOS, BOSIEN & YOUNG
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500
Fax:  (713) 535-5533

**ATTORNEYS FOR PLAINTIFFS
DUININCK BROS., INC. AND
AMERICAN CONTRACTORS
INSURANCE COMPANY RISK
RETENTION GROUP, INC.**