IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DUININCK BROTHERS, INC. and | § | |
| AMERICAN CONTRACTORS | § | |
| INSURANCE COMPANY RISK | § | |
| RETENTION GROUP, INC., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:06-cv-441 |
| | § | |
| HOWE PRECAST, INC. and | § | |
| EMPLOYERS MUTUAL | § | |
| CASUALTY COMPANY, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the court are the "Plaintiffs' Motion to Compel Defendant Howe Precast to Respond to Plaintiffs' Second Request for Production" (de # 70) and a Response (de # 71) and Reply (de # 72) thereto. Having considered the Motion, the arguments of the parties and the applicable law, the court is of the opinion that the Plaintiffs' Motion should be DENIED.

The Plaintiffs filed this lawsuit seeking reimbursement of funds expended to settle two lawsuits that were pending in state court under a purported indemnity agreement. Duininck Brothers, one of the plaintiffs, was the general contractor on a highway construction project on behalf of the State of Texas. It hired Howe Precast as a subcontractor to place, shift and maintain, as necessary, concrete barriers within the construction zone. One of Howe Precast's responsibilities as a subcontractor, was to name Duininck Brothers as an additional insured under its insurance policy and to indemnify Duininck Brothers for work to be performed under the subcontract.

During the project, several car accidents occurred as a result of standing water that was allowed to accumulate after rainstorms as a result of alleged negligence in the placement of the

concrete barriers. Four lawsuits were filed, and all were settled by Duininck Brothers. Duininck Brothers seeks reimbursement for the money it spent in settling two of the claims,[1] including attorney fees and settlement proceeds. The Defendants deny that the underlying lawsuits fall within the subcontract's indemnification provision, and Employers Mutual Casualty Company denies that the underlying lawsuits fall within the purview of the liability policy. However, the court on September 19, 2008, resolved these issues in favor of the Plaintiffs. In addition, the Defendants argue that the Plaintiffs' expenditures in settling the personal injury lawsuits were unnecessary and unreasonable.

In their Motion to Compel, the Plaintiffs ask the court to enter an order compelling Howe Precast to respond to its Request for Production Number 1, which asked Howe Precast to produce the billing records and expense reports for its legal activities in connection with all four of the state court lawsuits. Howe Precast responded by asserting that the request sought irrelevant information and that at least some of the information was protected by attorney-client privilege. It, therefore, neither produced those records nor made them available for inspection and copying.

The Plaintiffs would like to analyze these records for two reasons. First, they would like to know the rates charged and services performed by Howe Precast's lawyers in connection with the state court lawsuits. The Plaintiffs argue that this information is important in assessing the validity of the Defendants' contention that Duininck Brothers' handling of the state court cases was unreasonable. In addition, Duininck Brothers would like to rebut the Defendants' argument that it is unreasonable to spend more on attorneys fees in reaching settlement of a claim than the settlement value of the claim, and they argue that Howe Precast's records are relevant to such a demonstration.

---

[1] This lawsuit concerns only the expenses incurred by Duininck Brothers in defending the suits brought by state court plaintiffs Lowery and Barnett. There is no dispute regarding the expenses incurred in defending the suits brought by state court plaintiffs Hayton and Meason.

The Defendants respond by arguing that what they charged in the underlying lawsuits is irrelevant because they are not seeking reimbursement; rather, it is only the Plaintiffs who seek reimbursement for money they spent in their defense of the state court lawsuits.

Rule 26(b)(1) governs the scope of discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and it is well established that the district court has wide discretion in establishing the confines of discovery. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000).

Texas courts examine eight factors in determining the reasonableness of attorney fees. Those factors are:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Land Rover U.K., Ltd. v. Hinojosa*, 210 S.W.3d 604, 607 (Tex. 2006). Noticeably absent are the billing rates and practices of opposing counsel.

A Texas appellate court handled the precise issue before this court, deciding that opposing counsel's billing records in an underlying lawsuit were irrelevant when the opposing side did not seek reimbursement for its own legal expenses. In *MCI Telecomms. Corp v. Crowley*, 899 S.W.2d 399 (Tex. App.—Fort Worth 1995, orig. proceeding [leave denied]). In *MCI*, MCI petitioned the appellate court for a writ of mandamus instructing the trial court that it need not produce certain billing records. *Id*. at 401. MCI had been sued by two former employees for sex discrimination. *Id*. Both underlying plaintiffs sought recovery of their attorney fees. *Id*. In their discovery requests, the plaintiffs asked for the production of MCI's attorneys' billing information. *Id*. at 401-02. The court noted that there was no Texas authority that supported the plaintiffs' attempt to discover the defendant's attorney fees where the defendant is not itself making a claim for reimbursement for expenses incurred in defending the underlying lawsuit. *Id*. at 403. The court concluded by holding that "MCI's attorneys' fees in its defense of this case are 'patently irrelevant,'" and not reasonably calculated to lead to the discovery of admissible evidence. *Id*.

One might construe the Plaintiffs' argument to be that the Defendants' attorney fee records would have bearing on "the fee customarily charged in the locality for similar legal services." *Land Rover*, 210 S.W.3d at 607. However, *MCI*, applying the same factors as the *Land Rover* court, dismissed the plaintiffs' request as patently irrelevant. *MCI*, 899 S.W.2d at 403. Moreover, what a single law firm charges for a particular set of services and its choice of tactics in representing a

given client are issues decidedly distinct from deciding what constitutes a customary fee. The third *Land Rover* factor is plainly aimed at a composite of legal fees charged for a given service. Thus, focusing on one law firm's billing practices is unhelpful in determining what is "customary." The thrust of this lawsuit is whether Duininck Brothers' fees, not those generated by Howe Precast, fall within the range of reason. Because Howe Precast's attorney fees records are not probative as to that range, they are irrelevant and, thus, not discoverable.

Howe Precast also requests an award of the fees incurred in opposing this Motion under Rule 37(a)(5)(B). The court finds that the Plaintiffs' Motion, though unsuccessful, is "substantially justified." The court, therefore, declines to award Howe Precast its fees incurred in opposing the Motion.

Based on the foregoing, the court finds that Howe Precast's relevance objection to the Plaintiffs' Request for Production Number 1 is meritorious. Therefore, the court is of the opinion that the "Plaintiffs' Motion to Compel Defendant Howe Precast to Respond to Plaintiffs' Second Request for Production" (de # 70) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 22nd day of September, 2008.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE