IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DUININCK BROTHERS, INC. and <br> AMERICAN CONTRACTORS <br> INSURANCE COMPANY RISK <br> RETENTION GROUP, INC., <br> Plaintiffs, <br><br> v. <br><br> HOWE PRECAST, INC. and <br> EMPLOYERS MUTUAL <br> CASUALTY COMPANY, <br> Defendants. | § § § § § § § § § § § § § | Case No. 4:06-cv-441 |

# MEMORANDUM OPINION & ORDER GRANTING
## DEFENDANT'S MOTION TO STRIKE

Before the court are the following:

1. Employers Mutual Casualty Company's Motion to Strike Ray Grisham as an Expert Witness (de # 86);

2. Defendant Howe Precast's Motion to Strike Plaintiff's Expert Ray F. Grisham (de # 90);

3. Plaintiffs' Response to Defendants' Motions to Strike Plaintiffs' Expert Ray F. Grisham (de # 93);

4. Defendant Howe Precast's Reply to Plaintiffs' Response to Defendants' Motions to Strike Plaintiffs' Expert Ray F. Grisham (de # 97); and

5. Employers Mutual Casualty Company's Reply to Plaintiffs' Response to EMC's Motion to Strike Ray Grisham as an Expert Witness (de # 99).

Having considered the Motions, the responsive briefing and the applicable law, the court is of the opinion that the Defendants' Motions should be GRANTED.

The Plaintiffs filed this lawsuit seeking reimbursement of funds expended to settle two lawsuits filed in state court under a purported indemnity agreement. Duininck Brothers, one of the

plaintiffs, was the general contractor on a highway construction project on behalf of the State of Texas. It hired Howe Precast as a subcontractor to place, shift and maintain, as necessary, concrete barriers within the construction zone. One of Howe Precast's alleged responsibilities as a subcontractor, was to name Duininck Brothers as an additional insured under its insurance policy and to indemnify Duininck Brothers for work to be performed under the subcontract.

During the project, several car accidents occurred as a result of standing water that was allowed to accumulate after rainstorms due to the placement of the concrete barriers. Four lawsuits were filed, and all were settled. Duininck Brothers seeks reimbursement for the money it spent in settling two of the claims,[1] including attorney fees and settlement proceeds. The Defendants argue that the Plaintiffs' expenditures in settling the personal injury lawsuits were unnecessary and unreasonable.

In the Motions at issue, the Defendants request that the court strike the Honorable Ray Grisham as the Plaintiffs' damages expert in this case. Judge Grisham mediated the underlying cases, all of which reached settlement. In this lawsuit, the Plaintiffs have offered the expert report of Judge Grisham addressing the reasonableness of the attorney fees accrued during the settlement of the underlying cases. The Defendants object to Judge Grisham's participation in this case because, they argue, it contradicts his duties of neutrality and confidentiality as the mediator in the related underlying cases. The Plaintiffs advance a handful of arguments in favor of Judge Grisham's continued involvement in this case.

Texas law governs the inquiry into Judge Grisham's suitability as a witness in this case. FED.

---

[1] This lawsuit concerns only the expenses incurred by Duininck Brothers in defending the suits brought by state court plaintiffs Lowery and Barnett. There is no dispute regarding the expenses incurred in defending the suits brought by state court plaintiffs Hayton and Meason.

R. EVID. 501. The Texas Civil Practices and Remedies Code supplies a couple of provisions that craft the confidentiality commitments of those involved in the mediation process and that are helpful in the court's analysis. First, the Texas Alternative Dispute Resolution Act addresses the duties placed on the mediator by providing that

> (b) Unless expressly authorized by the disclosing party, the impartial third party may not disclose to either party information given in confidence by the other and shall at all times maintain confidentiality with respect to communications relating to the subject matter of the dispute.
>
> (c) Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including the appointing court.

TEX. CIV. PRAC. & REM. CODE §§ 154.053(b), (c) (Vernon 2007). The Act also speaks to the confidentiality to be expected of communications among mediation participants:

> (a) Except as provided by Subsections (c), (d), (e), and (f), a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

TEX. CIV. PRAC. & REM. CODE § 154.073(a) (Vernon 2007).

The Defendants' primary concern with Judge Grisham as an expert in this case is that during the course of the mediation sessions, the Defendants gave Judge Grisham confidential information regarding the Plaintiffs' attorney fees in the underlying cases. (de # 97 ¶ 6.) The Plaintiffs assert that this fact is unimportant because Judge Grisham has not disclosed any of the Defendants' confidential information in arriving at his expert conclusions. (de # 93 ¶ 5.)

The statutory text does not plainly apply to the information relating to the Plaintiffs' attorney fees disclosed by the Defendants to Judge Grisham. Section 154.053 would prevent Judge Grisham

from relaying any of the Defendants' confidential information to either the Plaintiffs or the finder of fact in this case. But the Plaintiffs are adamant in their contention that Judge Grisham has not revealed any of the Defendants' confidential information. Thus, it is not clear that Section 154.053(b) prevents Judge Grisham from testifying absent a betrayal of confidence. For the same reason, Section 154.073(a) does not explicitly apply here either. And because the Defendants clearly oppose Judge Grisham's use of the information they have disclosed to him, Section 154.053(c) is also inapposite.

However, it is difficult to imagine how the Defendants will not have been unfairly prejudiced by Judge Grisham's participation in this case as an expert on the Plaintiffs' behalf. While Judge Grisham's report may explicitly rely only on objective information regarding the reasonableness of the attorney fees incurred in the underlying litigation, the court cannot escape the fact that sensitive information, highly relevant to this proceeding, was disclosed to the mediator in the related state court proceedings on the understanding that it would facilitate the settlement thereof. Allowing Judge Grisham to testify would be plainly offensive to the purposes and efficacy of the mediation statutes.

The Texas ADR Act has been lauded as "perhaps the broadest ADR confidentiality provision in the country." Edward F. Sherman, Confidentiality in ADR Proceedings: Policy Issues Arising from the Texas Experience, 38 S. Tex. L. Rev. 541, 542 (1997). Mediation "encourages candid disclosures," and indeed, it depends on them. *In re Cartwright*, 104 S.W.3d 706, 714 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding). A party who fears that his communications with a mediator may some day bear on his defense of a related lawsuit is unlikely to approach that mediation with the candor necessary to effectuate its purposes. *Alford v. Bryant*, 137 S.W.3d 916,

921 (Tex. App.-Dallas 2004, pet. denied). Mediation would be rendered impotent if the parties had cause to worry about its use as a sword in later proceedings. This is not to say that the Plaintiffs are guilty of any wrongdoing; no such allegation has been made. However, the integrity and utility of the mediation process strongly counsel against allowing the expert testimony of Judge Grisham. The only course of action that can adequately protect the mediation process is to strike Judge Grisham as a witness.

Though this issue does not appear to have been taken up before, one case does provide a useful analogy. In *Cartwright*, a couple proceeded through two lawsuits after an evidently messy divorce. The former wife filed a lawsuit stating various property claims, while the former husband later filed a lawsuit affecting the parent-child relationship ("SAPCR"). *In re Cartwright*, 104 S.W. 3d at 708. The two suits were consolidated, and the SAPCR was mediated by a Judge O'Reilly. After an unusual amount of difficulty, the court ordered the parties to arbitrate the property claims before Judge O'Reilly. *Id*. at 710. The former husband objected because Judge O'Reilly had been exposed to confidential information during mediation of the related SAPCR. *Id*. The court ruled that Judge O'Reilly could not be appointed as the arbitrator in the property dispute because of her service as mediator in the SAPCR. *Id*. at 714. Just as a party may reveal information to a mediator that it "would not have chosen to reveal to an arbitrator," *id*., it stands to reason, and with stronger force, that a party would divulge information to a mediator that it would not disclose to an adverse witness in a related case.

The court now turns to the Plaintiffs' arguments in favor of allowing Judge Grisham to testify. The Plaintiffs first argue that the impartiality requirement imposed on Judge Grisham only extends to the prior mediation proceedings. The court's conclusion as to Judge Grisham's

confidentiality obligations obviates the need to address this argument. The Plaintiffs also argue that the testimony should be allowed because they have consented to the disclosure of information "given in confidence by the Plaintiffs," and because communications relating to the Plaintiffs' attorney fees were discoverable in this lawsuit independent of the mediation. (de # 93 ¶ 2.) These arguments miss the point because it is the information provided by the Defendants to Judge Grisham in confidence that is at issue, and it is, therefore, their consent, not that of the Plaintiffs, that matters here. TEX. CIV. PRAC. & REM. CODE § 154.053(b). Finally, the Plaintiffs argue that the Defendants' Motions are untimely because they were made nearly eleven months after Judge Grisham was designated as an expert. The Defendants' Motions were filed, however, within the deadline provided in the scheduling order and are, therefore, timely.

The Plaintiffs argue that striking Judge Grisham this late in the litigation provides a substantial prejudice. They ask for an extension of the discovery deadline so that a new expert can be designated. The court is in agreement with the Plaintiffs and is of the opinion that the Plaintiffs should have an additional 30 days to designate a damages expert and produce its new expert's report.

Based on the foregoing, the court finds that allowing Judge Grisham to participate in this dispute as an expert witness is contrary to Texas law. Accordingly, the court is of the opinion that the Defendants' Motions to Strike (de # 86, 90) should be, and hereby are, GRANTED. The court is also of the opinion that the Plaintiffs' request for an extension of time to designate a new expert should be GRANTED. It is therefore

ORDERED that the Plaintiff shall designate a witness competent to give expert testimony with respect to attorney fees and produce the report prepared by that witness no later than October 22, 2008. It is further

ORDERED that the Defendants shall designate a witness competent to give expert testimony with respect to attorney fees and produce the report prepared by that witness no later than November 24, 2008

IT IS SO ORDERED.

**SIGNED this the 22nd day of September, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE