IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DUININCK BROTHERS, INC. and AMERICAN CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, INC., Plaintiffs, v. HOWE PRECAST, INC. and EMPLOYERS MUTUAL CASUALTY COMPANY, Defendants. | § § § § § § § § § § § § § | Case No. 4:06-cv-441 |

**MEMORANDUM OPINION & ORDER DENYING
PLAINTIFFS' MOTION TO STRIKE**

Before the court are the following:

1. Plaintiffs' Objections and Motion to Strike Defendants' Experts (de # 91);

2. Employers Mutual Casualty Company's Response to Plaintiffs' Objections and Motion to Strike Defendants' Experts (de # 94);

3. Defendant Howe Precast's Response to Plaintiffs' Motion to Strike Defendants' Experts (de # 95); and

4. Plaintiffs' Reply to Defendants' Responses to Plaintiffs' Motion to Strike Defendants' Experts (de # 96).

Having considered the Motion, the responsive briefing and the applicable law, the court is of the opinion that the Plaintiffs' Motion should be DENIED.

The Plaintiffs filed this lawsuit seeking reimbursement of funds expended to settle two lawsuits filed in state court under a purported indemnity agreement. Duininck Brothers, one of the plaintiffs, was the general contractor on a highway construction project on behalf of the State of Texas. It hired Howe Precast as a subcontractor to place, shift and maintain, as necessary, concrete

barriers within the construction zone. One of Howe Precast's alleged responsibilities as a subcontractor, was to name Duininck Brothers as an additional insured under its insurance policy and to indemnify Duininck Brothers for work to be performed under the subcontract.

During the project, several car accidents occurred as a result of standing water that was allowed to accumulate after rainstorms due to the placement of the concrete barriers. Four lawsuits were filed, and all were settled. Duininck Brothers seeks reimbursement for the money it spent in settling two of the claims,[1] including attorney fees and settlement proceeds. The Defendants argue that the Plaintiffs' expenditures in settling the personal injury lawsuits were unnecessary and unreasonable.

Among the experts designated by the Defendants to testify as to the reasonableness of the attorney fees are D. Randall Montgomery, attorney for Howe Precast, Aaron Mitchell, attorney for Employers Mutual, and John Tollefson, a law partner of Mitchell's. At today's final pretrial conference, Mr. Montgomery and Mr. Mitchell clarified for the court that the purpose of their testimony would be to testify on the reasonableness of attorney's fees charged by Plaintiffs' counsel in the instant lawsuit, rather than attorney's fees incurred by the Plaintiffs in the underlying cases. Defense counsel also informed the court that they have received nothing from Plaintiffs' former counsel in the form of billing records that would enable defense counsel to prepare an expert report on their expected testimony. The Plaintiffs request that the court strike these three Defendants' experts on the grounds that, although timely designated, they have failed to furnish reports on their expert findings as required by Rule 26(a)(2). Indeed, no party contests that any of the three experts

---

[1]This lawsuit concerns only the expenses incurred by Duininck Brothers in defending the suits brought by state court plaintiffs Lowery and Barnett. There is no dispute regarding the expenses incurred in defending the suits brought by state court plaintiffs Hayton and Meason.

have produced a report.

The court agrees with authority in this circuit stating that "attorneys testifying solely on the topic of attorneys' fees are not required to provide expert reports." *Kondos v. Allstate Tex. Lloyds*, Civ. Action No. 1:03-CV-1440, 2005 U.S. Dist. LEXIS 37661, at *54 (E.D. Tex. Apr. 25, 2005); *accord Wright v. Blythe-Nelson*, Civ. Action No. 3:99-CV-2522-D, 2001 U.S. Dist. LEXIS 9606, at *21-22 (N.D. Tex. July 11, 2001). For these reasons, the court is of the opinion that the Plaintiffs' Motion to Strike (de # 91) should be, and hereby is, DENIED.

IT IS SO ORDERED.

**SIGNED this the 22nd day of September, 2008.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE